IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEWITT L. DAILEY, JR.,

    Plaintiff,

v.                                              Case No. 1:12-cv-54-MP-GRJ

ALACHUA COUNTY
SHERIFF'S OFFICE, et al,

    Defendants.
_____/

## ORDER

This matter is before the Court on Plaintiff's *pro se* Complaint (Doc. 1) and Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2). Plaintiff has failed to provide a complete financial certificate and inmate account statement in support of his motion for leave to proceed as a pauper. Plaintiff's attention is directed to paragraph 1 of the prisoner consent form and financial certificate, which provides "I must request an authorized official to complete the attached Financial Certificate and I must attach a print-out reflecting all transactions in my inmate bank account for the full six (6) month period of time preceding the filing of this complaint." (Doc. 2 at 3.) The Court will defer further review of Plaintiff's claims pending correction of these deficiencies.

Plaintiff filed his Complaint on the civil rights complaint form to be used by prisoners in actions arising under 42 U.S.C. § 1983. From a review of the Complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted.

Plaintiff attempts to bring claims under 42 U.S.C. § 1983 against several officers with the Alachua County Sheriff's Office and the Gainesville Police Department, the

state prosecutors involved in his case, his state public defender, and the judge presiding over his criminal case.

A fair reading of the complaint shows that Plaintiff is attempting to bring a false arrest claim against some of the Defendants.  Plaintiff must provide more facts about the circumstances of his arrest.  He must also address whether he has been charged with a crime by the state and, if so, whether those charges are still pending or whether they were dropped.  If he was indeed charged with a crime, then he should also provide the state case number from those proceedings.  If state law criminal proceedings are currently pending against Plaintiff, then this Court would likely abstain from hearing Plaintiff's false arrest claim under Younger v. Harris and let those proceedings run their course before considering Plaintiff's false arrest claim.  401 U.S. 37, 53-54 (1971); Hudson v. Hubbard, 358 Fed. Appx. 116, 117 (11th Cir. 2009)(*per curiam*).

There are also several other problems with Plaintiff's complaint. Plaintiff is advised that he likely also cannot bring claims under section 1983 against his state public defender.  *See* Polk County v. Dodson, 454 U.S. 312, 318-19 (1981)(in representing a criminal defendant, a public defender is not a state actor who can be sued under section 1983); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). Plaintiff's claims against the state prosecutors involved in his state court criminal proceedings would likely also be barred by prosecutorial immunity.  Wahl, 773 F. 2d at 1173 ("Prosecutors have absolute immunity from civil damages suits under section 1983 for actions intimately associated with the judicial phase of the criminal process."). So too would his claims against the state court judge presiding over those criminal proceedings.  Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)(judges are "entitled to

absolute judicial immunity from damages for those acts taken while acting in their judicial capacity unless they acted in the clear absence of all jurisdiction" even if "the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.").

The Court will give Plaintiff an opportunity to amend his Complaint to include further factual detail with regard to what he alleges was a false arrest and to delete Defendants against whom he cannot maintain claims. To amend his complaint, Plaintiff must fill out the civil rights complaint form, marking it "First Amended Complaint." Plaintiff is advised that the first amended complaint must contain all of Plaintiff's factual allegations set forth in separately numbered paragraphs and should not in any way refer to the original complaint.

Accordingly, it is hereby **ORDERED:**

1. The **Clerk** is instructed to send the Plaintiff blank copies of the Court's form complaint for use by prisoners in actions under 42 U.S.C. § 1983 and a blank motion to proceed in forma pauperis for use by prisoners. Plaintiff shall file an Amended Complaint, completing the complaint form in full, as well as an Amended Motion to Proceed In Forma Pauperis. Plaintiff shall file the Amended Complaint, with a service copy for each Defendant, and the Amended Motion To Proceed In Forma Pauperis **on or before April 6, 2012.**

2. A ruling on Plaintiff's motion for leave to proceed as a pauper, Doc. 2, is **DEFERRED** pending receipt of completed financial information, which must be filed with the Court **on or before April 6, 2012**.

3. Failure to comply with this Order as directed will result in a recommendation that this case be dismissed without further notice.

**DONE AND ORDERED** this 13th day of March 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge