IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEWITT L. DAILEY, JR.,

    Plaintiff,

v.       Case No. 1:12-cv-54-MP-GRJ

SERGEANT WIGGINS, and
SERGEANT STEVENS,

    Defendants.
_____/

## ORDER

This case is before the Court on Plaintiff's "Motion to Reinstate Former Defendants to Amended Complaint." (Doc. 19.) For the reasons set forth below, the motion is due to be denied.

Plaintiff was incarcerated at the Alachua County Jail when he filed his first civil rights complaint in this case, alleging false arrest and naming six defendants. (Doc. 1.) These defendants included two state prosecutors, his state public defender, and the state court judge who heard his case. This Court ordered Plaintiff to file an amended complaint, holding that his original complaint failed to state a claim upon which relief could be granted because it contained insufficient factual detail about his arrest. (Doc. 4.) The Court also noted that Plaintiff could not bring claims under section 1983 against the prosecutors, his public defender, or the state court judge. (Doc. 4, at 2.) Plaintiff then filed an amended complaint, in which he named two defendants, neither of whom had been named in the original complaint—Sgt. Wiggins and Sgt. Stevens, both of the Alachua County Sheriff's Office. (Doc. 10.) In the amended complaint, Plaintiff

abandoned the false arrest claim and instead claimed that Sgts. Wiggins and Stevens had denied him access to the law library in the prison, in violation of his due process rights. The Court ordered service of the amended complaint on both defendants on May 8, 2012. (Doc. 13.)

Plaintiff now requests that the Court "add and/or reinstate" the six defendants he named in his original complaint, along with the Alachua County Sheriff's Office and the Eighth Judicial Circuit Court, due to his "unintentional failure to list them as defendants" in his amended complaint. (Doc. 19, at 1.) However, "[a]s a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982). Plaintiff's amended complaint, alleging only denial of access to the law library, has completely replaced the original complaint. In his amended complaint, he makes no allegations against any of the defendants he now wishes to add. His motion will therefore be denied.

Plaintiff has also failed to request permission to amend his complaint to add allegations against the additional defendants. Plaintiff is cautioned, however, that such amendment would be futile—at least against the prosecutors, public defender, and state court judge—for the reasons set out in the Court's earlier order.

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's "Motion to Reinstate Former Defendants to Amended

Complaint," Doc. 19, is **DENIED**.

**DONE AND ORDERED** this 8th day of August 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge