IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEWITT L. DAILEY, JR.,

      Plaintiff,

v.                              Case No. 1:12-cv-54-MP-GRJ

SERGEANT WIGGINS, and
SERGEANT STEVENS,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed a First Amended Complaint under 42 U.S.C. § 1983, asserting claims against Sgt. Wiggins and Sgt. Stevens of the Alachua County Sheriff's Office. (Doc. 10.) In his Complaint, Plaintiff alleges that Sgt. Wiggins and Sgt. Stevens denied him access to the law library at the Alachua County Detention Center, in violation of his due process rights. Defendants have filed a motion to dismiss the Complaint as moot on the grounds that Plaintiff is no longer detained at the Alachua County Detention Center. (Doc. 24.) Plaintiff filed a response to the motion to dismiss, Doc. 29, and therefore this matter is ripe for review. Plaintiff has also filed a Notice of Change of Address, reflecting that he is once again confined in the Alachua County Jail. (Doc. 31.) For the following reasons, the undersigned recommends that the motion to dismiss be denied. The undersigned also recommends that Plaintiff's motion to compel access to the law library, Doc. 6, be denied because it is duplicative of the claims raised in Plaintiff's First Amended Complaint.

## I. BACKGROUND

Plaintiff alleges that Sgt. Wiggins and Sgt. Stevens, correctional officers at the

Alachua County Detention Center, refused to allow him to access the law library to prepare for a pending case. Plaintiff brings Fourteenth Amendment due process claims against both defendants. Plaintiff requests only injunctive relief, "to be granted access to the law library at a set scheduled time or date." (Doc. 10, at 7.)

## II. STANDARD OF REVIEW

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *See, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.1994). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.1993).

In *Ashcroft v. Iqbal*, . ___U.S. ___, 129 S.Ct. 1937, 1950 (2009), the Supreme Court articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement for relief. In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth." *Iqbal*, 129 S.Ct. at 1951. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). "While the pleadings of *pro se* litigants are 'liberally construed,'

they must still comply with procedural rules governing the proper form of pleadings."

*Hopkins v. Saint Lucie County School Bd.,* 2010 WL 3995824, **1 (11th Cir. 2010)

(unpublished) (citations omitted) (applying pleading standards of *Iqbal* and *Twombly* to

*pro se* complaint).[1]

## III. DISCUSSION

### (1) Mootness

Defendants argue that because Plaintiff is no longer incarcerated at the Alachua

County Detention Center, Plaintiff's claim for injunctive relief is now moot.  *See Johnson*

*v. Warden,* — F. App'x —, No. 11-14616, 2012 WL 44655271, at *2 n.1 (11th Cir. Sept.

27, 2012) (finding that "[t]o the extent [Plaintiff] seeks injunctive or declaratory relief,

these claims are moot because [Plaintiff] is no longer housed in the place in which his

complaint arose.") (citing *Zatler v. Wainwright*, 802 F. 2d 397, 399 (11th Cir. 1986)).  In

support of this argument, Defendants have submitted an affidavit from Charles Lee, the

Jail Director at the Alachua County Jail, stating that Plaintiff is no longer in custody

there and is presently in the custody of the Florida Department of Children and

Families.  (Doc. 25, at 3.)  Defendants also supplemented the motion to dismiss with a

copy of an Order of Continuing Commitment [Mental Illness], signed by Florida Circuit

Judge Martha Ann Lott.  (Doc. 30, at 4-5.)  In that order, signed October 24, 2012,

Judge Lott found Plaintiff incompetent to stand trial and ordered his continuing

commitment under the supervision of the Department of Children and Families.  Judge

Lott ordered the administrator of the facility in which Plaintiff is committed to file a report

---

[1]Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

with the Court on or before October 15, 2013.  *Id.* at 4.

In his response to the Court's order to show cause why the case should not be dismissed as moot, Plaintiff asserts that it "is a known fact/ certainty that the Plaintiff will be returned to the care of the Alachua County Sheriff's Office." (Doc. 27, at 1.)  Plaintiff has now filed a Notice of Change of Address, Doc. 31, indicating that he has in fact been returned to the custody of the Alachua County Detention Center.  The Court's independent review of the Alachua County Jail website confirms that Plaintiff is in custody there.  In light of this fact, the undersigned recommends that Defendants' motion to dismiss the First Amended Complaint be denied.[2]

**(2) <u>Sanctions</u>**

Defendants also request that the Court dismiss Plaintiff's claim as a sanction for failing to keep the Court apprised of his current address.  In his response to the motion to dismiss, Plaintiff asserts that he did attempt to update his address in a timely manner with the Clerk of Court.  The Court notes that the docket reflects an address update on August 7, 2012, changing Plaintiff's address to the North Florida Evaluation and Treatment Center.  Accordingly, the Court declines to recommend dismissal of the First Amended Complaint as a sanction.

---

[2]The Court construes Plaintiff's Second Amended Complaint as requesting injunctive relief only.  In its Order of October 16, 2012, the Court noted that Plaintiff's response to the order to show cause "appears to assert a claim for money damages and/or attorney's fees against Defendants, but this is not at all clear." (Doc. 28, at 2.) The Court noted Plaintiff's *pro se* status and clearly directed Plaintiff that "if he wishes to assert a claim for money damages against Defendants, he must do so in a Second Amended Complaint." *Id.*  Despite this clear directive, Plaintiff responded to the motion to dismiss with a vague assertion that he may wish to assert a claim for attorney's fees. Plaintiff never filed a Second Amended Complaint, and has never clearly asserted a claim for money damages.

## V.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants'

Motion to Dismiss (Doc. 24) should be **DENIED**. It is further **RECOMMENDED** that

Plaintiff's Motion to Compel Access to the Law Library (Doc. 6) should be **DENIED**.

**IN CHAMBERS** this 22nd day of January 2013.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**