IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEWITT L. DAILEY, JR.,

    Plaintiff,

v.                                          Case No. 1:12-cv-54-MP-GRJ

SERGEANT WIGGINS, and
SERGEANT STEVENS,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This case is before the Court on Defendants' "Renewed Motion to Dismiss (Suggestion of Mootness). (Doc. 38.) Plaintiff has failed to respond to the motion to dismiss, and has failed to respond to the Court's Order to Show Cause why the motion should not be granted. (Doc. 40.) For the reasons set forth below, the undersigned recommends that the motion to dismiss should be granted.

### **I. BACKGROUND**

Plaintiff filed a First Amended Complaint under 42 U.S.C. § 1983, asserting claims against Sgt. Wiggins and Sgt. Stevens of the Alachua County Sheriff's Office. (Doc. 10.) In his Complaint, Plaintiff alleges that Sgt. Wiggins and Sgt. Stevens denied him access to the law library at the Alachua County Detention Center to prepare for a pending case, in violation of his due process rights. Plaintiff brings Fourteenth Amendment due process claims against both defendants. Plaintiff requests only injunctive relief, "to be granted access to the law library at a set scheduled time or date." (Doc. 10, at 7.)

Defendants filed a motion to dismiss the Complaint as moot on the grounds that

Plaintiff was no longer detained at the Alachua County Detention Center. (Doc. 24.) The undersigned recommended that the motion be granted, but on the same day that the Report and Recommendation was entered, the Clerk docketed Plaintiff's Notice of Change of Address, reflecting that he was once again confined in the Alachua County Detention Center. (Docs. 32, 31.) Accordingly, the undersigned vacated the Report and Recommendation and recommended that the motion to dismiss be denied. (Doc. 34.) The Report and Recommendation was adopted by the district judge on March 27, 2013. (Doc. 35.) Following entry of a scheduling order, Defendants filed a renewed motion to dismiss the Complaint on mootness grounds, alleging that Plaintiff had again been moved from the Alachua County Detention Center. (Docs. 37, 38.) This time, Plaintiff has been "delivered to the custody of the Florida Department of Corrections." (Doc. 39-1.) Plaintiff has failed to file any response to the motion to dismiss that would rebut the allegations in the motion.

## II. DISCUSSION

**(1) Mootness**

Defendants argue that because Plaintiff is no longer incarcerated at the Alachua County Detention Center, Plaintiff's claim for injunctive relief is now moot. In support of this argument, Defendants have submitted an affidavit from Charles Lee, the Jail Director at the Alachua County Detention Center, stating that Plaintiff is no longer in custody there and has been "delivered to the custody of the Florida Department of Corrections." (Doc. 39-1, at 1.) Mr. Lee further states that "[t]here are no known wants, warrants, holds, or detainers at this time which would cause Mr. Dailey to return to the custody of the Alachua County Detention Center." *Id.* The Court's independent review

of the Florida Department of Corrections database indicates that Plaintiff is in custody of the Florida Department of Corrections, at the Northwest Florida Reception Center.

In light of the affidavit of Charles Lee, the Court finds that at this time, Plaintiff is not in the custody of the Alachua County Detention Center. In its Order of October 16, 2012, the Court also noted that Plaintiff's response to the original motion to dismiss "appears to assert a claim for money damages and/or attorney's fees against Defendants, but this is not at all clear." (Doc. 28, at 2.) The Court noted Plaintiff's *pro se* status and clearly directed Plaintiff that "if he wishes to assert a claim for money damages against Defendants, he must do so in a Second Amended Complaint." *Id.* Despite this clear directive, Plaintiff responded to the original motion to dismiss with a vague assertion that he may wish to assert a claim for attorney's fees. Plaintiff never filed a Second Amended Complaint, and has never clearly asserted a claim for money damages. In light of this fact, the undersigned recommends that Plaintiff's First Amended Complaint, which requests only injunctive relief, be dismissed as moot. *See Johnson v. Warden*, — F. App'x —, No. 11-14616, 2012 WL 44655271, at *2 n.1 (11th Cir. Sept. 27, 2012) (finding that "[t]o the extent [Plaintiff] seeks injunctive or declaratory relief, these claims are moot because [Plaintiff] is no longer housed in the place in which his complaint arose.") (citing *Zatler v. Wainwright*, 802 F. 2d 397, 399 (11th Cir. 1986)).

**(2) <u>Sanctions</u>**

Defendants also request that the Court dismiss Plaintiff's claim as a sanction for failing to keep the Court apprised of his current address. The Court declines to recommend dismissal of the First Amended Complaint as a sanction, but notes that

Plaintiff has never responded to the motion to dismiss or to the Court's Order to Show Cause. Indeed, Plaintiff has filed nothing in this case since January 18, 2013. (Doc. 31.) Accordingly, the undersigned recommends that this case be dismissed for failure to prosecute.

## IV. RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' "Renewed Motion to Dismiss (Suggestion of Mootness)" (Doc. 38) should be **GRANTED**, and Plaintiff's First Amended Complaint should be dismissed without prejudice on the basis of mootness and for failure to prosecute.

**IN CHAMBERS** this 14th day of June 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**